# MEMORANDUM DECISIONS.

APPLETON v. BOTSFORD. (Supreme Court, Appellate Division, First Department. June 10, 1898.) Action by Benjamin W. Appleton against Charles Hull Botsford. No opinion. Motion granted, with $10 costs.

ARNOLD et al., Appellants, v. ALBANY & G. BRIDGE CO., Respondent. (Supreme Court, Appellate Division, Third Department. July 6, 1898.) Action by William D. Arnold and others against the Albany & Greenbush Bridge Company. No opinion. Judgment affirmed, with costs.

BADGER et al., Plaintiffs, v. SUTTON et al., Defendants. In re FLETCHER. (Supreme Court, Appellate Division, Second Department. July 23, 1898.) Action by Theodore Badger and Willard Winslow against Charles T. Sutton and others. In the matter of the application of Austin B. Fletcher, receiver, appointed in the above-entitled action, for a determination of the rights of the respective persons claiming liens upon the real estate in his hands as receiver under the judgment in the above-entitled action. Motion for reargument. Denied. For former opinion, see 52 N. Y. Supp. 16. John J. McKelvey, for appellants. Wilson Brown, Jr., for respondents.

CULLEN, J. The counsel for appellants seeks by this application to obtain a modification of our former decision, that the receiver hold the 112 bonds as a lien against the mortgaged premises to the extent of the personal property received by the defendant corporation, and not returned to the receiver. He asks us to decree that the said bonds be held also as indemnity for and to the extent of the incumbrances placed by the defendant company on the real estate transferred to it. We are of opinion that we cannot grant the appellant this relief. The conveyance of the real estate and the transfer of the personal property were separate transactions, or at least there is nothing in the record before us to show that they are component parts of the same transaction. Prior to the conveyance and transfer to the J. W. Young & Sons Company, the real estate and personal property belonged to different owners, the real estate being the property of J. W. Young individually, while the stock in trade was the property of the firm of J. W. Young & Sons. The opinion heretofore delivered by us is in error in stating that the realty belonged to the firm. As there were different ownerships of the different properties transferred, we do not see how the bonds given in payment of one can be held as an indemnity for the failure to return the other property unincumbered. The motion for reargument must therefore be denied. We do not find in the record the assertion of the respondents' counsel that the real estate transferred by the Tuckahoe Lumber &

Coal Company was at the time of its transfer subject to a mortgage of $5,500. We are therefore of opinion that in settling the order to be entered upon our decision it will be wiser to omit any provision for the release of the real estate conveyed by that company from the lien of the general mortgage and the surrender of the bonds given in payment of it. All concur.

BAGLEY, Respondent, v. MUTUAL RESERVE FUND LIFE ASS'N, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 18, 1898.) Action by George A. Bagley against the Mutual Reserve Fund Life Association. No opinion. Order affirmed, with $10 costs and disbursements.

BAILEY et al., Respondents, v. ROCHE, Appellant. (Supreme Court, Appellate Division, Second Department. July 23, 1898.) Action by Edwin Bailey, Joseph Bailey, and Edward Bailey, Jr., against Edward Roche, as executor of the will of David Roche, deceased. Oscar F. Georgi, for appellant. Timothy M. Griffing, for respondents.

GOODRICH, P. J. The plaintiffs and David Roche made a contract whereby the plaintiffs were to furnish Roche certain building materials for a house which the latter was erecting at Far Rockaway. The complaint alleged that the plaintiffs furnished materials amounting to $4,-963.38, and that Roche paid on account $4,-203.94, leaving unpaid $759.44. The answer denied that the value of the goods exceeded the amount paid, and by way of set-off alleged that, by the agreement between the parties, the material was to be of "first quality," but was not all of such character, to the defendant's damage $958.44, the amount unpaid. The issues were referred, and, the defendant, Roche, dying, the present defendant, executor of his will, was substituted as defendant. A large amount of evidence was taken, some of it tending to prove that the materials furnished were of first quality, and some of it tending to show that a part of them was of inferior quality; but there was only a simple question of fact involved. After careful examination of the evidence, we see no reason to disturb the finding of the referee, who made a slight allowance for defects and found that the plaintiffs had substantially complied with their contract, and furnished materials to the value of $4,909.09, and directed a judgment on that basis. Judgment affirmed, with costs. All concur.

BAKER, Respondent, v. ALLARD et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. June 18, 1898.) Action by Howard H. Baker, by Ranson R. Baker, his guardian ad litem, against Mary W. Allard and Lizzie Santmeir. No opinion. Order affirmed, with $10 costs and disbursements.